[Crim. No. 442.   First Appellate District.—April 24, 1913.]

THE PEOPLE, Respondent, v. WILLIAM BIRD, Appellant.

CRIMINAL LAW—ALIBI—EVIDENCE—LETTERS WRITTEN BY ACCUSED.—
Where the evidence in a burglary case is vague as to whether the crime was committed on the 23d or the 25th of the month, the latter being the date alleged in the information, and the defense consists chiefly of an alibi, a letter written by the accused in jail and given to his wife to deliver to a person, requesting him to testify that they were together on the 23d, is admissible.

APPEAL from a judgment of the Superior Court of Alameda County and from an order refusing a new trial. Wm. S. Wells, Judge.

The facts are stated in the opinion of the court.

Howard J. Piersol, for Appellant.

U. S. Webb, Attorney-General, for Respondent.

LENNON, P. J.—The defendant in this case was charged with the crime of burglary. He was convicted of burglary in the second degree, and now appeals from the judgment of final conviction and from an order denying him a new trial.

The information charges the defendant with having committed the crime on the twenty-fifth day of March, 1912; and while the evidence is somewhat vague as to whether the crime was committed on March 23d or 25th of that year, nevertheless it is sufficiently clear from the evidence upon the whole case that the burglary charged against the defendant and of which he was convicted was committed at a time prior to the filing of the information and upon one or other of the above mentioned dates. It was the theory of the prosecution that the crime was committed in the day time. The defendant's defense consisted chiefly of an alibi and upon direct examination as a witness in his own behalf he gave testimony which tended to show that during the major portion of the day time of March 25th he was at a place remote from the scene of the crime. Upon cross-examination he was shown a letter, purporting to have been written and signed by him, addressed to Mr. Washington, which reads as follows: "My dear friend: I want you for a witness. I want you to say that you was with me on the 23rd of March, that that was the date we went to Alameda and got those greens. We left my house at 10 o'clock and came back at 2 o'clock. You can say that for me to save me. You say that you was with me from 10 o'clock to 2 o'clock, so please do that for me." It was subsequently shown that this letter was written and signed by the defendant and by him intrusted to his wife for delivery during the period of his incarceration in the county jail. Obviously the letter related to the defendant's defense of an alibi, and was properly admitted in evidence upon the theory that it tended legitimately to weaken the defendant's testimony given in support of such defense.

We have examined the remaining points presented in support of the appeal, and find that they are not worthy of serious discussion.

The judgment and order appealed from are affirmed.

Kerrigan, J., and Hall, J., concurred.